**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**BENJAMIN HENDRICKS,**

          **Plaintiff,**

    **vs.**                          **Case No. 2:11-cv-938**
                                       **Magistrate Judge King**

**TOBBI REEVES-VALENTINE,** *et al.*,

          **Defendants.**


**OPINION AND ORDER**

Plaintiff Benjamin Hendricks, a state inmate incarcerated at the Frazier Health Center of the Pickaway Correctional Institution ("PCI"), brings this action against Tobbi Reeves-Valentine ("defendant"), identified as the "Health Care Administrator (or Medical Operations Manager" at PCI, *Complaint*, Doc. No. 5, ¶ 10,[1] under 42 U.S.C. § 1983. Plaintiff alleges that defendant acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of defendant's *Motion for Summary Judgment* ("*Defendant's Motion*"), Doc. No. 26. Plaintiff opposes

---

[1] Plaintiff also includes as defendants 25 unnamed John and Jane Doe defendants. However, service of process has not been made on the unnamed John and Jane Doe defendants within the 120 days required by Fed. R. Civ. P. 4(m). Moreover, it would appear that any attempt to now join a new party would be untimely. *See* Fed. R. Civ. P. 15(c)(1). *See also Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties."). The Court therefore regards defendant Reeves-Valentine as the only defendant in this action.

*Defendant's Motion*.   *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment* ("*Plaintiff's Response*"), Doc. No. 29. Defendant has filed a reply.  *Defendant's Reply Brief to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment* ("*Defendant's Reply*"), Doc. No. 32.  Plaintiff, after being granted leave, filed a sur-reply, *Plaintiff's Sur-reply*, Doc. No. 35, to which defendant has filed a response.  *Defendant's Response to Plaintiff's Sur-Reply*, Doc. No. 36.  This matter is now ripe for consideration. For the reasons that follow, *Defendant's Motion* is **GRANTED**.

## I.    Background

Plaintiff alleges that he suffers from Crohn's disease and that, as a result, he has undergone an ileostomy and must use an ostomy device or pouch.  *Complaint*, ¶¶ 14-16.  A specific ostomy device and associated supplies, *i.e.,* colostomy bag, part number 401932, and wafer, part number 125262, *Plaintiff's Response*, p. 15, were prescribed for him by a physician in September 2010.  *Id.; Complaint,* ¶ 17.  However, plaintiff was denied those supplies for "about a six week period between January-February 2011."  *Complaint*, ¶ 18. Instead, plaintiff alleges, he was provided supplies designed for a urostomy.  *Plaintiff's Response*, pp. 2, 10.[2]

Plaintiff complained to defendant, who initially insisted that the necessary supplies were "readily available."  *Complaint*, ¶¶ 19-23. On February 11, 2012, defendant confirmed that the supplies were not in fact available "and a rush order was placed . . . ."  *Id*. at ¶ 24.

---

[2] A urostomy bag is designed to catch and hold the discharge of urine; plaintiff was prescribed supplies for an ileostomy, which are designed to catch and hold the discharge of fecal matter. *Plaintiff's Response*, p. 2.

Plaintiff again received the proper supplies beginning on February 15, 2011. *Id.* at ¶ 25.

The *Complaint* alleges that proper ostomy supplies are "vital to plaintiff's activities of daily living." *Id.* at ¶ 2. Defendant, plaintiff alleges, "acted in a manner that no objectively reasonable government and/or medical employee would have acted." *Id.* at ¶ 27. Plaintiff seeks declaratory and monetary relief. *Id.* at PAGEID# 32.

In *Defendant's Motion,* defendant argues that plaintiff has failed to allege or establish either injury or deliberate indifference on her part.

## II.   STANDARD

The standard for summary judgment is well established.  This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought shall be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact." *Id.*  In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, summary judgment is appropriate if the opposing party "fails

3

to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).  "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## III.  DISCUSSION

Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

4

in an action at law, suit in equity, or other proper
proceeding for redress . . . .

42 U.S.C. § 1983.  A *prima facie* case under § 1983 requires evidence
of (1) conduct by an individual acting under color of state law, and
(2) the deprivation of a right secured by the Constitution or laws of
the United States.  *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199,
1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535
(1981)).  Section 1983 merely provides a vehicle for enforcing
individual rights found elsewhere and does not itself establish any
substantive rights.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285
(2002).

In the case presently before the Court, plaintiff alleges that
defendant acted with deliberate indifference to his medical needs in
violation of the Eighth Amendment to the United States Constitution.
*See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  A claim of
deliberate indifference to an inmate's serious medical needs includes
both an objective and a subjective component.  The objective component
requires a plaintiff to show the existence of a "sufficiently serious"
medical need.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The
subjective component requires a plaintiff to "allege facts which, if
true, would show that the official being sued subjectively perceived
facts from which to infer substantial risk to the prisoner, that he
did in fact draw the inference, and that he then disregarded that
risk."  *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing
*Farmer*, 511 U.S. at 837).  However, "a plaintiff need not show that
the official acted 'for the very purpose of causing harm or with
knowledge that harm will result.'"  *Id.* (quoting *Farmer*, 511 U.S. at

5

835).  "Instead, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'"  *Id.* (quoting *Farmer*, 511 U.S. at 836).

"A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).  "A plaintiff may establish the serious medical needs requirement in one of two ways."  *Blosser v. Gilbert*, 422 F. App'x 453, 460 (6th Cir. 2011).  First, for obvious medical needs left completely untreated, "the delay alone in providing medical care creates a substantial risk of serious harm."  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004).  Second, where a "'deliberate indifference' claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," a plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment."  *Blackmore*, 390 F.3d at 898 (citing *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).  *See also Blosser*, 422 F. App'x at 460.  The requirement of verifying medical evidence "ensures an accurate appraisal of whether the 'alleged deprivation is sufficiently serious.'"  *Cain v. Irwin*, 286 F. App'x 920, 926 (6th Cir. 2008) (quotations omitted) (quoting *Napier*, 238 F.3d at 742)).

Plaintiff's claim falls within the second category, despite his arguments to the contrary.  Plaintiff argues that his need for the

6

specifically "prescribed ostomy supplies w[as] so obvious that the delay alone in receiving them created a substantial risk of serious harm." *Plaintiff's Response*, p. 7.  The "obviousness standard" that plaintiff seeks to invoke "refers to a doctor's attention, and thus is primarily applicable to claims of denial or delay of *any* medical treatment rather than claims that a plaintiff was denied or delayed in receiving a *specific type* of medical treatment." *Blosser*, 422 F. App'x at 460 (citations omitted) (emphasis in original).  Plaintiff alleges that he received the wrong ostomy supplies for a period of six weeks; he does not argue that his medical needs were entirely unmet or that the care actually provided amounted to no care at all.  Thus, plaintiff's claim is that defendant failed to treat his condition *adequately;*  under this circumstance, plaintiff must, in order to succeed on his claim, provide verifying medical evidence of the detrimental effect of the delay in proper medical treatment. *See id.* (citing *Blackmore*, 390 F.3d at 898).

Plaintiff has not provided any such evidence.  In fact, plaintiff does not even allege that he suffered an injury as a result of his receipt of improper ostomy supplies.[3]  Furthermore, there is no evidence that plaintiff did not or could not use the supplies actually provided, *see Plaintiff's Response*, p. 17 ("[Plaintiff] acknowledged that he understood the situation and appreciated my work on the matter, and agreed to work with current situation until the new bags arrived."), and plaintiff concedes that, during the relevant period,

---

[3]Plaintiff refers to a "skin-sensitivity issue," but it appears that the condition was "exacerbated" by "Stevens-Johnson syndrome," not by his receipt of the wrong ostomy supplies. *Complaint*, ¶ 17;  *Plaintiff's Sur-reply*, p. 2.

he "was in a hospital-like setting" and "would merely ask for assistance" "when he did have problems with leaks [and] cleaning." *Plaintiff's Sur-reply*, p. 3.  Plaintiff did not complain of pain during his February 9, 2011 monthly assessment.  *See Plaintiff's Response*, p. 17.[4]

Although a deliberate indifference claim does not require actual harm, *see Blackmore*, 390 F.3d at 899 (quoting *Farmer*, 511 U.S. at 827), where, as here, the claim is based on the prison's failure to treat a condition adequately, verifying medical evidence of actual harm "ensures an accurate appraisal of whether the 'alleged deprivation is sufficiently serious.'"  *Cain*, 286 F. App'x at 926 (quoting *Napier*, 238 F.3d at 742).  Plaintiff's failure to produce such evidence demonstrates that no "substantial risk of serious harm" existed.

Furthermore, plaintiff has failed to adduce evidence that defendant deliberately or recklessly disregarded a known risk of injury to plaintiff by reason of the delay in providing the proper ostomy supplies.  The evidence establishes that defendant responded to plaintiff's complaints.  *Complaint*, ¶¶ 19-23.  Although she was mistaken in her belief that the supplies were readily available, mistake or even negligence on the part of a prison official is not tantamount to deliberate indifference.  *See Estelle*, *supra*, 429 U.S. at 106.

---

[4] Plaintiff does contend in his response to *Defendant's Motion*, but did not allege in the *Complaint*, that he was unable to keep a surgical consultation in connection with a hernia condition because he did not have the proper supplies.  *Plaintiff's Response*, pp. 5-6, 11.  Plaintiff does not allege any medical complications as a result, however.

For both these reasons, the Court concludes that defendant is entitled to summary judgment on plaintiff's deliberate indifference claim.

**WHEREUPON,** *Defendant's Motion for Summary Judgment*, Doc. No. 26, is **GRANTED.**  The Clerk shall enter **FINAL JUDGMENT** in favor of defendant.


February 15, 2013                              *s/Norah McCann King*
                                        Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge